**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

PAULA ELAINE MATHEWS,

           Plaintiff,

           v.                        **DECISION AND ORDER**
                                                  15-CV-608-A

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

           Defendant.
_____

Plaintiff's attorney, Elizabeth Haungs, has filed a motion for approval of her attorney's fee pursuant to 42 U.S.C. § 406(b). Before approving Haungs's fee, the Court must perform an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After its independent check, and for the reasons stated below, the Court finds that Haungs's requested fee of $17,391.00[1] is reasonable in this case.

## BACKGROUND

On July 9, 2015, Haungs filed a complaint in this Court pursuant to 42 U.S.C. § 405(g). The complaint sought review of the Commissioner's decision denying Plaintiff's application for Social Security benefits (Dkt No. 1). On December 1, 2015, Plaintiff filed her motion for judgment on the pleadings (Dkt. No. 10), and on December 2, 2015, the

---

[1] Haungs's Notice of Motion requests $17,391.00 (*see* Dkt. No. 27; *see also* Dkt. No. 27-1, p. 9). However, her motion papers at times contradict that request, i.e. requesting $17,910.00, approximately 25 percent of Plaintiff's past-due benefits, which was $17,910.50 (*see* Dkt. No. 27-1, pp. 6, 7), and $16,361.15 (*see* Dkt. 27-1, pp. 2, 5). Due to the confusing nature of Haungs's fee request and the fact that the Commissioner does not oppose the $17,391.00 amount (*see* Dkt. No. 30, pp. 3, 5), the Court hereby defers to the fee requested in the Notice of Motion.

1

matter was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. No. 11).  On April 14, 2016, the Commissioner filed its cross-motion for judgment on the pleadings (Dkt. No. 17).  After full briefing, Magistrate Judge McCarthy issued a Report and Recommendation recommending that the Plaintiff's motion be granted and the case remanded to the Commissioner for further proceedings, and the Commissioner's motion be denied (Dkt. No. 19).  This Court adopted Judge McCarthy's recommendation (Dkt. No. 20).  In October 2017, the parties stipulated that, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Haungs was entitled to fees and expenses totaling $6,650.00. (Dkt. No. 25).

On remand, the Administrative Law Judge issued a decision in favor of Haungs's client (Dkt. No. 27-3).  The Commissioner, however, withheld 25 percent of the Plaintiff's past-due benefits (totaling $17,910.50) for possible attorneys' fees (Dkt. 27-4).[2]

Haungs then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court.[3]  Haungs's motion seeks $17,391.00 of the $17,910.50 that the Commissioner has withheld from the Plaintiff's past-due benefits.  Haung states that, if

---

[2] Haungs notes that, while a Title II Notice of Award dated March 16, 2020 indicated Plaintiff was entitled to $71,642.00 in past-due Disability Insurance Benefits, a Notice of Award dated March 26, 2020 was issued relative to the claimant's past due Supplemental Security Income (SSI) benefits stating that "Plaintiff was not entitled to any additional payments because her monthly amount in Title II benefits was higher than her monthly SSI benefits in [e]very month that she was eligible" (Dkt. No. 27-2, ¶¶ 10-11).

[3] The Commissioner suggests that Haungs's motion is timely (Dkt. No. 30, p. 2).  The Court agrees. Pursuant to Local Civil Rule 5.5(g)(1) (citing Fed. R. Civ. P. 54(d)(2)(B) and *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)), a § 406(b) motion must be filed no later than 14 days after counsel receives notice of the amount of any benefits award (and thus the maximum attorney's fees that may be claimed), and receipt of such a communication is presumed to be three days after mailing (*see Sinkler*, 932 F.3d at 88-89, 89 n.5 and Fed. R. Civ. P. 6(d)).  Here, Haungs filed her motion on April 2, 2020, 17 days after the date on the Commissioner's Title II Notice of Award, i.e. March 16, 2020, addressed to the Plaintiff (*see* Dkt. No. 27-4, p. 1).  It is unclear when the Notice of Award was actually mailed or when Haungs received it.  Assuming it was mailed the same date or at a time thereafter, the Court finds that the motion is timely. Local Civil Rule 5.5(g)(1) indicates, "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff"—and Haungs has not stated otherwise (*see* Dkt. No. 27-1, p. 2).

2

she is awarded the fee she seeks, she will, as required by statute, refund the $6,650.00 EAJA fee to her client.  See Dkt. No. 27; see also Gisbrecht, 535 U.S. at 796.  In support of her § 406(b) motion, Haung includes her billing records for this case, which show that she spent 34.8 hours on her representation of the Plaintiff before the Court (Dkt. No. 27-2 ¶ 14).

## DISCUSSION

**A.    Standard for awarding fees under § 406(b)**

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807.  Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  Id. (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered."  Id.  In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery.  Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'"  Id. n.17 (internal quotation marks omitted).  "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied."  Id.

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case", the so-called "windfall factor." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

4

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

**B.   Whether Haungs's requested fee is "reasonable" under § 406(b)**

With these principles in mind, the Court assesses the reasonableness of Haungs's requested fee. The Commissioner states that she sees no evidence of fraud or overreaching (Dkt. No. 30, pp. 3-4).[4] Given the facts of this case, the Court agrees, and also finds that the requested fee is not a windfall.

As an initial matter, the Court notes that Haungs's request of $17,391.00 represents less than 25 percent of the past-due benefits awarded to Plaintiff ($17,910.50). It therefore does not exceed the statutory cap. It furthermore is permissible under the fee

---

[4] Fees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc. Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

agreement between Plaintiff and Haungs, which, consistent with the statutory cap, provides for 25 percent of any past due benefits awarded (Dkt. No. 27-5, ¶ 3).

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Haungs's effective briefing in this Court (a motion for judgment on the pleadings, followed by a reply) secured a reversal and remand for further administrative proceedings. Following remand, an Administrative Law Judge issued a favorable decision, awarding Plaintiff benefits as of September 23, 2010 (Dkt. No. 27-3). This factor accordingly weighs in favor of finding reasonableness.

As to the second factor, Haungs did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and therefore the potential fee award. Haungs requested just one brief extension during the pendency of this action in the district court (*see* Dkt. No. 8). Thus, the second factor also weighs in favor of finding reasonableness.

With regard to the third *Gisbrecht* factor, whether a requested fee would be a "windfall" for purposes of § 406(b), courts consider several factors, including "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Based on the itemized statement submitted, Haungs spent a total of 34.8 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($17,391.00) by the total hours expended by Haungs (34.8) yields an effective hourly rate of $499.74. As the Commissioner notes in her response, other cases in this Circuit have found that effective hourly rates similar to that requested by Plaintiff's counsel are not unreasonable (*see* Dkt. No. 30, p. 4). Moreover, Haungs already has been awarded $6,650.00 in EAJA fees, which amount will be refunded to Plaintiff. This means the net award to Plaintiff's counsel under Section 406(b) will be $10,741.00. Dividing $10,741.00 by 34.8 yields an effective hourly rate of $308.65. The Court finds that such a rate is clearly reasonable.

In assessing the reasonableness of Haungs's requested fee, the Court has also considered that counsel previously stipulated to an EAJA award of $6,650.00 for the same work at issue in her § 406(b) motion. This provides the Court with a rough baseline of what a "reasonable" fee might be in this case. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee Haungs requests in her motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that Haungs assumes the risk of nonpayment in all of her Social Security matters.

After considering these facts, the Court concludes that Haungs's requested $17,391.00 fee is "reasonable." 42 U.S.C. § 406(b). The Court finds that Haungs's

7

requested fee is not a windfall, *see Joslyn*, 389 F. Supp. 2d at 456, that counsel did not delay the resolution of this case, and that Haungs's requested fee reasonably compensates an attorney with Haungs's experience in handling Social Security claims.

## CONCLUSION

Elizabeth Haungs's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that Haungs is entitled to recover $17,391.00 for her work on this case. Thus, the Commissioner shall release to Elizabeth Haungs, Esq. the $17,391.00 she has withheld from the Plaintiff's award. Further, Haungs shall refund her $6,650.00 EAJA fee to the Plaintiff.

**SO ORDERED.**

Dated: May 11, 2020  *s/Richard J. Arcara*
    Buffalo, New York  HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT JUDGE